Jeffrey D. Cawdrey (SBN: 120488)
Megan M. Adeyemo (CO BN: 36271)(*Pro Hac Vice*)
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

[Proposed] Attorneys for Debtor
S.T. Moll, Inc. d/b/a Integrity Tire

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>S.T. MOLL, INC.,<br>D/B/A INTEGRITY TIRE AUTO SERVICE CENTER,<br><br>Debtor. | CASE NO.  6:14-BK-12175-MJ<br><br>Chapter 11<br><br>**STIPULATION FOR PROVISION OF ADEQUATE ASSURANCE TO UTILITY PROVIDER**<br><br>Date:  None Set<br>Time:  None Set<br>Courtroom: 301<br>Judge:  Meredith A. Jury |

This Stipulation is made as of March 31, 2014, by and between S.T. Moll, Inc. ("Debtor") and Southern California Edison ("SCE").  Debtor and SCE shall be sometimes collectively referred to herein as the "Parties" and each individually as a "Party."

RECITALS

A. On February 23, 2014, Debtor filed a voluntary petition commencing the above captioned bankruptcy case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Debtor operates its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B. Debtor is a California corporation that owns and operates three tire dealerships and auto-repair centers in Hemet, San Bernadino and Moreno Valley.

**Gordon & Rees LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1.     C.     SCE provides electricity service to all three of Debtor's locations. Prepetition, Debtor provided a deposit to SCE, which SCE applied to its prepetition amount due. SCE is currently holding $1,425.94 as the remaining pre-petition deposit (the "Prepetition Deposit").

    D.     On February 24, 2014, Debtor filed its Emergency Omnibus First Day Motion for Order: (A) Authorizing Payment in the Ordinary Course of Business of Accrued but Unpaid Wages, Salaries and Other Compensation, (B) Authorizing the Payment of Payroll and Other Taxes Relating Thereto, (C) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay any and all Checks Drawn on Debtor's Prepetition Account, (D) Authorizing the Payment of Certain Prepetition Claims of Critical Vendors, (e) Authorizing the Use of Cash Collateral, and (F) Restraining Utility Providers from Altering, Refusing or Discontinuing Service or, in the Alternative, Extending Time to Provide Adequate Assurance of Payment to Utility Companies [Docket No. 19] (the "Omnibus Motion"). The Court granted the Omnibus Motion on March 10, 2014 [Docket No. 37] (the "Omnibus Order").

    E.     Shortly after the Petition Date, SCE demanded payment of adequate assurance by Debtor. Debtor and SCE have reached a resolution of SCE's request for adequate assurance, the terms of which are set forth herein.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1.     Debtor will provide additional adequate assurance to SCE through the payment of a deposit of $8,000 (the "Postpetition Deposit"). The Postpetition Deposit will be paid through two consecutive monthly payments of $2,000 followed by four consecutive monthly payments of $1,000 (collectively, the "Monthly Payments") so as to be received by SCE on or before the 21st of each month, with the first payment being due on March 21, 2014.

2.     The Postpetition Deposit and the Prepetition Deposit (collectively, the "Deposit") will be returned to Debtor upon the occurrence of the following: (i) one–half of the Deposit upon confirmation of a plan of reorganization in Debtor's bankruptcy case and (ii) the remaining one-half after twelve consecutive, timely monthly payments after confirmation of a plan of

- 2 -
STIPULATION FOR PROVISION OF ADEQUATE ASSURANCE TO UTILITY PROVIDER

reorganization in Debtor's bankruptcy case. Notwithstanding the foregoing, SCE and Debtor shall enter into reasonable negotiations regarding the return of the Deposit at any other time upon the request of either Party.

3. Debtor is in default if it fails to make any of the payments required by this Stipulation. Upon the occurrence of a default under this Stipulation, SCE shall provide Debtor with notice of the default via email to Debtor's counsel at madeyemo@gordonrees.com. Debtor shall have three business days (the "Cure Period") after receipt of notice of the default to cure such default. If Debtor does not cure the default, any part of the Postpetition Deposit that remains unpaid is immediately due and payable. It is agreed by the Parties that any cure must be hand-delivered or overnighted to SCE and proof of such delivery must be maintained and produced upon request by SCE.

4. This Stipulation constitutes the sole agreement of SCE and Debtor with respect to the subject matter hereof and supersedes all oral negotiations and prior writings with respect to the subject matter hereof.

5. No amendment or extension of this Stipulation, and no waiver of any one or more of the provisions hereof, shall be effective unless set forth in writing and signed by SCE and Debtor.

6. This Stipulation: (i) shall be binding upon Debtor and SCE and, where applicable, their respective predecessors, successors, agents, and permitted assigns; and (ii) shall inure to the benefit of Debtor and SCE and, where applicable, their respective predecessors, successors, agents, and permitted assigns; provided, however, that Debtor may not assign its rights hereunder without the written consent of SCE or order of the Bankruptcy Court after notice and a hearing, and any such assignment or attempted assignment by Debtor shall be void and of no effect with respect to SCE.

7. Unless entered upon notice to SCE, after notice and an opportunity for SCE to be heard as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules or an order of this Court, no subsequent order of the Bankruptcy Court may conflict with the terms or provisions of this Stipulation and order; and this Stipulation and order

**Gordon & Rees LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

shall survive entry of, and govern with respect to any conflict with any subsequent orders.

8. No rights are intended to be created hereunder for the benefit of any third party, donee, creditor, or incidental beneficiary.

9. Except as expressly provided herein, the Parties' execution of this Stipulation shall not be deemed to constitute a waiver of any of SCE's or Debtor's rights or remedies under the Bankruptcy Code or other applicable law. By way of explanation, but not limitation, SCE is not waiving any of its rights and remedies with respect to any of its claims, rights, security interests, or remedies.

10. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code, the Bankruptcy Rules and the internal laws of the State of California and the Parties agree that this Court shall have exclusive jurisdiction to interpret and enforce this Stipulation.

11. This Stipulation may be executed by facsimile or electronic signature and in any number of counterparts and by the different Parties on separate counterparts. Each such counterpart shall be deemed an original, but all such counterparts together shall constitute one and the same Stipulation.

12. The undersigned are authorized to enter into this Stipulation on behalf of their respective clients, such that this Stipulation is duly and validly executed and constitutes a valid and binding obligation upon the respective Parties hereto, subject only to the approval of the Bankruptcy Court.

*[Remainder of Page Intentionally Left Blank]*

1  IT IS SO STIPULATED.

2  Dated: March ~~March~~ April 1, 2014                    GORDON & REES LLP

4  By: /s/ 
   Jeffrey D. Cawdrey
5  Megan M. Adeyemo
   Attorneys for Debtor S.T. MOLL, INC.

7  Dated: March 31, 2014                    SOUTHERN CALIFORNIA EDISON

8  By: /s/
9  Name: BRIAN LIIVOJA
   Its: RISK SUPERVISOR

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1094637/19019289v.1

- 5 -
STIPULATION FOR PROVISION OF ADEQUATE ASSURANCE TO UTILITY PROVIDER

| In re:<br>S.T. MOLL, Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | Case Number 6:14-bk-12175-MJ |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENTS

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

101 West Broadway, Suite 2000, San Diego, CA  92101

A true and correct copy of the foregoing documents described as **STIPULATION FOR PROVISION OF ADEQUATE ASSURANCE TO UTILITY PROVIDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 1, 2014** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- Everett L Green on behalf of U.S. Trustee United States Trustee (RS), everett.l.green@usdoj.gov
- Wayne R Terry on behalf of Interested Party Courtesy NEF, wterry@hemar-rousso.com
- United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov
- Vincent M. Coscino on behalf of Interested Party Courtesy NEF, vcoscino@allenmatkins.com, jaallen@allenmatkins.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **April 1, 2014** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the US Trustee, Riverside Division, 3801 University Avenue, Suite 720, Riverside, CA 92501
The Honorable Meredith A. Jury, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 325 / Courtroom 301
Riverside, CA 92501-3819

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, TELEPHONIC NOTICE OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or by **telephonic notice** and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 1, 2014 | Jeanne Mydland Evans | /s/Jeanne Mydland-Evans |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

94637/19035311v.1    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                    F 9013-3.1