1                    UNITED STATES BANKRUPTCY COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                            --oOo--

4    In Re:                        )    Case No. 6:14-bk-12175
                                   )    Chapter 11
5    S.T. MOLL, INC.,              )
                                   )    Riverside, California
6            Debtor.               )    Wednesday, April 8, 2015
                                   )    1:30 PM
7    ----------------------------
                                        First Interim application of
8                                       Gordon & Rees LLP, Attorney
                                        for S.T. Moll, Inc. for
9                                       allowance of compensation
                                        and reimbursement of
10                                      expenses for the period:
                                        9/1/2014 to 9/30/2014, Fee:
11                                      $7,659.00, Expenses: $238.70

12                                      First Interim Application of
                                        Corporate Recovery
13                                      Associates, LLC, as
                                        Financial Advisor to the
14                                      debtor for compensation and
                                        reimbursement of expenses
15                                      incurred.  Period: 6/19/2014
                                        to 12/31/2014, Fee:
16                                      $33,362.50, Expenses:
                                        $245.77

17

18                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MEREDITH JURY
19                UNITED STATES BANKRUPTCY COURT

20
     APPEARANCES:
21   For the Debtor:                    JEFFREY D. CAWDREY, ESQ.
                                        Gordon & Rees LLP
22                                      101 West Broadway
                                        Suite 2000
23                                      San Diego, CA 92101
                                        (619)696-6700

24

25

For Movant
Pro Se

RICHARD FEFERMAN
Corporate Recovery
Associates LLC
3830 Valley Center Drive
Suite 705-152
San Diego, CA 92150
(858) 205-7424


Court Recorder:                    TANISHA LOZANO
United States Bankruptcy
Court
3420 Twelfth Street
Riverside, CA 92501
(855) 460-9641


Transcriber:                       ELLEN S. KOLMAN
eScribers, LLC
700 West 192nd Street
Suite #607
New York, NY 10040
(973) 406-2250

Proceedings recorded by electronic sound recording;
transcript provided by transcription service.

S.T. MOLL, INC.

1    RIVERSIDE, CALIFORNIA  WEDNESDAY, APRIL 8, 2015 1:30 PM

2                              --oOo--

3    (Call to order of the Court.)

4          THE COURT:  Now is the time and place for the two

5    matters that are set on the Court's 1:30 calendar.  These are

6    motions in Chapter 11 cases.  Both of them are interim fee

7    applications.  Number 18 is the first interim fee application

8    of Gordon & Rees, the attorney for the debtor-in-possession.

9    Appearances, please.

10         MR. CAWDREY:  Good morning, Your Honor.  Jeffrey

11   Cawdrey, general counsel for the debtor, appearing on behalf of

12   Gordon & Rees, applicant.

13         THE COURT:  Mr. Cawdrey, I have a couple of issues

14   with your application.

15         MR. CAWDREY:  Yes, Your Honor.

16         THE COURT:  One of which may not be major but might

17   be, depending on how you answer the question, and the other

18   which is merely a matter of some mathematical issues.

19         The first one is service of the debtor.  The notice of

20   the hearing was served on the debtor but the fee application

21   was not, and there is no declaration from the debtor in support

22   of either of the two applications before the Court this

23   afternoon.

24         Now, the declaration from the debtor would solve the

25   problem of not having served them with the fee application, but

S.T. MOLL, INC.

1    I haven't got that either, and that's required by the Local

2    Rules.

3          MR. CAWDREY:  Right.

4          THE COURT:  So without a showing on one of those two

5    issues, or both, I can't grant the fee application.

6          MR. CAWDREY:  Your Honor, and I appreciate that, and

7    if the declaration of the debtor has not been filed with the

8    court -- and obviously not.

9          THE COURT:  It wasn't as of yesterday, unless it came

10   in the last twenty-four hours; I haven't checked since

11   yesterday afternoon.

12         MR. CAWDREY:  I'm sure it's not and that's our error,

13   Your Honor, and we're required to do and we will.

14         THE COURT:  Okay.

15         MR. CAWDREY:  I can tell you we've discussed these

16   fees.

17         THE COURT:  I hope so.

18         MR. CAWDREY:  We're working very closely with a small

19   debtor.

20         THE COURT:  Yes.  Exactly.

21         MR. CAWDREY:  They're getting the applications and we

22   will submit a declaration of the debtor; and depending on what

23   the Court wants to do, hopefully we can walk through the --

24         THE COURT:  What I'm going to do is I'm going to go on

25   with my other issue and grant your motion

S.T. MOLL, INC.

1   subject -- conditional on getting the declaration from the

2   debtor.

3            MR. CAWDREY:  Perfect.  Thank you for that, Your

4   Honor.

5            THE COURT:  But normally, just so you understand, the

6   fee application, not just the notice of hearing, is to be

7   served on the debtor, and your proof of service is all the ECF

8   people and there's no --

9            MR. CAWDREY:  Sure.

10            THE COURT:  -- notice to the debtor at all.  It wasn't

11   that I really thought you hadn't talked to the debtor about

12   your fees, because you have been doing that all along.

13            Now, my second issue, which is really a mathematical

14   issue at a function of the order form that you have used to

15   enter the interim orders under the procedure that I have

16   approved for you during the monthly fee payments, on the

17   first -- I'll tell you how they went.

18            On the first fee application which was from the period

19   through March 31st, you sought fees of 30,000 dollars and

20   expenses of 1,853; 30,000 and change.  I allowed the 30,000

21   dollars in fees and authorized payment of 80 percent of the

22   fees, and allowed the expenses and payment of all the expenses.

23            On the second application, which was through April

24   30th, there were total fees of 7,368 and expenses of 153; you

25   sought allowances interim only 80 percent of the 73-, so I

S.T. MOLL, INC.

1  allowed 5,894, and then the order that I entered allow you to

2  pay only 80 percent of the 80 percent.

3            MR. CAWDREY:  I see.

4            THE COURT:  And the same thing happened on the third

5  and fourth ones.  I, again, allowed -- because you only asked

6  me to -- allowed the eighty percent, but then the order form,

7  which has a place for how much you're paying of the allowed

8  fees, then you're allowed to only pay eighty percent of the

9  eighty percent, which I do not think was your intention.

10            I think your intention was, if I understand your

11  motion now, was that I only allow eighty percent, and that that

12  eighty percent be paid, and that then you would catch up as you

13  are doing on this every four months or six months or --

14            MR. CAWDREY:  Yes.

15            THE COURT:  -- nine months or a year --

16            MR. CAWDREY:  Yes.

17            THE COURT:  -- formal, I've noticed for your fee

18  application the amounts I have not yet allowed, and a lot of

19  them can be paid.  I think that was your intention.

20            MR. CAWDREY:  I think I'm tracking you, Your Honor.

21            THE COURT:  All right.

22            MR. CAWDREY:  So that the point is is that we would

23  submit our fees for review to the Court and to all parties and

24  that the Court would allow those fees and authorize eighty

25  percent for payment.

S.T. MOLL, INC.

1    THE COURT:  Either that, or I think the agreement

2   was -- I mean, the way you did it is that I only allow the

3   eighty percent, but you pay them all.  I mean either way,

4   you --

5    MR. CAWDREY:  We --

6    THE COURT:  The same, but --

7    MR. CAWDREY:  The net effect is the payment is eighty

8   percent.

9    THE COURT:  -- the payment is eighty percent.

10    MR. CAWDREY:  Yes.  Yes.

11    THE COURT:  And then -- and I actually think that the

12   way the procedure that I approved worked was I was -- is

13   consistent with the way you did your second, third, and fourth

14   application, and that you only asked me to allow the eighty

15   percent and reserving the allowance of the remainder for a

16   hearing like this.  But then, your error was giving me the

17   order form that you then filled in the eighty percent payment

18   and --

19    MR. CAWDREY:  I see.

20    THE COURT:  -- it really should have been a hundred

21   percent payment.

22    MR. CAWDREY:  I see, Your Honor.

23    THE COURT:  We can catch it all up with what we do

24   today.

25    MR. CAWDREY:  Yes.

S.T. MOLL, INC.

1          THE COURT:  I mean, what I would like to do is allow

2    all of your fees that have been billed through the

3    January -- is it the 31st date --

4          MR. CAWDREY:  31, yes, Your Honor.

5          THE COURT:  -- which I believe are the total sum of

6    the 93,169.50 --

7          MR. CAWDREY:  That's accurate, Your Honor.

8          THE COURT:  -- and allow the payment of all those fees

9    to the extent they haven't already been paid.

10          MR. CAWDREY:  Thank you, Your Honor.

11          THE COURT:  And you can figure out the math of what

12    you've gotten and what you haven't gotten.  And then going

13    forward in your next monthly application, assuming you're going

14    to continue to use this procedure, that you ask me to allow

15    only the eighty percent, but that you get paid a hundred

16    percent of what I allow.

17          MR. CAWDREY:  We will, Your Honor.

18          THE COURT:  Okay.

19          MR. CAWDREY:  Thank you.

20          THE COURT:  And by the way, and from the expense side,

21    I both have allowed and allowed payment of a hundred percent of

22    the expenses and I intend to continue to do that.

23          MR. CAWDREY:  Thank you, Your Honor.

24          THE COURT:  So I will allow the fees.  I have reviewed

25    them and they are reasonable and in fact, you promised that you

S.T. MOLL, INC.

1   would file your disclosure statement and plan before this

2   hearing, and you did that on March 20th and it was all teed up

3   for hearing on the disclosure statement.  So you have fulfilled

4   what you promised to the Court when you made the fee

5   application, which is always a good sign.

6          MR. CAWDREY:  Yes, Your Honor.

7          THE COURT:  You can't believe how many times I get

8   that promise and I don't get it, and it isn't always counsel's

9   fault; debtor doesn't get their numbers together or something

10  happens.

11         MR. CAWDREY:  I try to follow through.  It just makes

12  it easier --

13         THE COURT:  It does.

14         MR. CAWDREY:  -- just as I try to comply with U.S.

15  Trustee guidelines.

16         THE COURT:  Right.

17         MR. CAWDREY:  I found things move much more smoothly

18  that way.

19         THE COURT:  Yes.  And in fact, the fact that the U.S.

20  Trustee is not here and hasn't done some stipulation that I

21  didn't even know about until the hearing -- which they often

22  do.  Often, you have stipulations on fee applications that

23  reduce them in some amount.

24         MR. CAWDREY:  Right.

25         THE COURT:  Sometimes they're on the record -- on the

S.T. MOLL, INC.

1    file docket already before hearing.  Sometimes I -- the first

2    time I hear about them is at the hearing.

3               MR. CAWDREY:  Right.

4               THE COURT:  And they didn't do that with you and they

5    didn't appear, so apparently you're compliant fully with their

6    billing guidelines --

7               MR. CAWDREY:  We hope so, Your Honor --

8               THE COURT:  -- which is a good thing.

9               MR. CAWDREY:  -- and as you can see, as we talked

10   about early on when we met, this is a small case.

11              THE COURT:  It is.

12              MR. CAWDREY:  Our fees are modest, we're

13   try -- relative to what they can be in cases we've seen, and

14   we're working diligently --

15              THE COURT:  Right.

16              MR. CAWDREY:  -- with our financial analyst --

17              THE COURT:  Right.

18              MR. CAWDREY:  -- to move this case through.  And the

19   good news --

20              THE COURT:  Is it's doing better.

21              MR. CAWDREY:  -- yes --

22              THE COURT:  Right.

23              MR. CAWDREY:  -- is that we're getting there.  And

24   there's cash on hand and --

25              THE COURT:  And I was going to save those comments for

S.T. MOLL, INC.

1    the second fee application which I will now call --

2              MR. CAWDREY:  Thank you, Your Honor.

3              THE COURT:  -- that of the Corporate Recovery

4    Associates, the financial advisors.  If you'll make your

5    appearance, sir.

6              MR. CAWDREY:  It might be as a frog, Your Honor.

7              MR. FEFERMAN:  I have a frog, Your Honor.

8              THE COURT:  That's fine.

9              MR. FEFERMAN:  Thank you.

10             MR. CAWDREY:  Thank you, Judge.

11             THE COURT:  I'll let him recover from that.

12             MR. FEFERMAN:  Good afternoon, Your Honor.  I'm

13   Richard Feferman --

14             THE COURT:  Okay.

15             MR. FEFERMAN:  -- with Corporate Recovery Associates

16   here to request --

17             THE COURT:  It's for your fee application.

18             MR. FEFERMAN:  -- payment of fees.

19             THE COURT:  Right.

20             Now, my -- again, my comments about the apparent

21   turnaround of success of this debtor were more easy to pull out

22   of your application than out of the debtors, because you

23   pointed out to me that you have done two things with the

24   assistance of your financial advice to -- the debtor has done

25   two things.

S.T. MOLL, INC.

1          First of all, you saved about 100,000 dollars in

2     costs, which is their 30,000 dollars in the workers'

3     compensation insurance costs and the savings in the

4     administrative staff of 70,000 dollars.  So that's a -- you

5     earned a fee right there.

6          MR. FEFERMAN:  Well, thank you, Your Honor, but --

7          THE COURT:  But secondly --

8          MR. FEFERMAN:  -- we have a wonderful debtor.

9          THE COURT:  -- you have increased the income.  I mean

10    there's always -- unless you're dealing with a Chapter 9 where

11    increasing the income side of it is far more difficult than a

12    private party.

13         Generally, there are two ways to get better in a

14    reorganization proceeding.  One thing is to cut costs, the

15    other thing is to increase income, and you have done both

16    by -- because the last quarter, I think it was, of -- maybe

17    just the second half of 2014 was a fourteen percent gross

18    increase in sales volume of the debtor; a substantial sum over

19    the second half of 2013; about 275,000 dollars.  Now, I think

20    those are gross numbers that -- I didn't look at net numbers.

21         MR. FEFERMAN:  Yes, Your Honor.

22         THE COURT:  But whatever they are, they're an increase

23    in the ability of the debtor to bring in the business that will

24    allow it to reorganize.  So those two things both compel me to

25    think that you're doing a good job.  And the --

S.T. MOLL, INC.

1              MR. FEFERMAN:  Your Honor, if you'll let me, I'll shut

2       up while I'm ahead.

3              THE COURT:  Okay.  I intend to approve your fees and

4       expenses on the same condition -- Mr. Cawdrey will get a

5       declaration from the debtor as to both, because our Local Rules

6       do require that, that the debtor has -- the debtor can do

7       either of two things.  The debtor can say, I don't oppose them,

8       or the debtor can say I approve them, and I don't care which.

9              MR. FEFERMAN:  Thank you, Your Honor.

10             THE COURT:  Sometimes debtors don't really want to

11      approve them; they just want to say they don't oppose, because

12      no small business ever loves paying attorneys' fees.

13             MR. FEFERMAN:  Yes, ma'am.

14             THE COURT:  But sometimes it's necessary.  And here, I

15      hope that the effective -- the reorganization -- I will see it

16      more when I review the disclosure statement and plan which I

17      have not done.

18             A second good sign in this case is there's no creditor

19      activity whatsoever.  I mean, nobody is running in, none of the

20      lessors, none of the trade creditors, and I don't know that we

21      have substantial secured creditors in the case; if so, they are

22      quiet and taken care of.

23             MR. CAWDREY:  We do.

24             MR. FEFERMAN:  We do have a substantial secured

25      creditor.

S.T. MOLL, INC.

1        THE COURT:  Right.  Okay.  I have a cash collateral

2   order with them, I assume.  Yes.  Right.  I didn't review the

3   docket so I forgot.  Okay.

4        Your fees are approved, Mr. Cawdrey (sic).

5        MR. CAWDREY:  Thank you, ma'am.

6        THE COURT:  And, Mr. Cawd -- I mean, I'm sorry; Mr.

7   Feferman.

8        MR. FEFERMAN:  Yes, Judge.

9        THE COURT:  Mr. Cawdrey, you may do it in one order,

10  if you choose, or two orders.  It's up to you.

11        MR. CAWDREY:  Thank you, Your Honor, and we'll submit

12  the declaration of Mr. Moll, the debtor's principal --

13        THE COURT:  All right.

14        MR. CAWDREY:  -- and we'll upload an order.

15        THE COURT:  Yes.  By the way, I think I discussed this

16  with you before; Mr. Moll is my Chapter 13 debtor.  So the

17  success of his company -- his Chapter 13 plan is also

18  contingent on his making the salary that he's making from the

19  corporation, and so far I confirmed a plan and I haven't had

20  any issues with him.

21        MR. CAWDREY:  Right.  And it was great fortune,

22  frankly, that he landed in your court so he could see both

23  sides --

24        THE COURT:  Exactly.

25        MR. CAWDREY:  -- of what we're doing.

S.T. MOLL, INC.

1          THE COURT:  And I don't remember whether they did a

2    related case matter that would have low-numbered him to me or

3    not; I don't think he did.  I think it was just luck of the

4    draw.

5          MR. CAWDREY:  So do I.

6          THE COURT:  Although if he had disclosed the related

7    case, it would have come to me --

8          MR. CAWDREY:  Right.

9          THE COURT:  -- as a matter of how our policy works.

10          MR. CAWDREY:  But he's plugging through on his Chapter

11    13 --

12          THE COURT:  Right.

13          MR. CAWDREY:  -- and of course, we worked in

14    conjunction with Mr. Holt (ph.) to --

15          THE COURT:  Right.

16          MR. CAWDREY:  -- to get this all accomplished.

17          THE COURT:  Right.

18          MR. CAWDREY:  So it should and could be a good success

19    story.

20          THE COURT:  It is.  Thank you very much.  I appreciate

21    your appearance.

22          MR. CAWDREY:  Thank you, Your Honor.

23          THE COURT:  Thank you.

24          MR. FEFERMAN:  Thank you, Your Honor.

25          MR. CAWDREY:  Have a great day.

S.T. MOLL, INC.

1          THE COURT:  Court's in recess.

2      (Whereupon these proceedings were concluded at 1:43 PM.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                              I N D E X

2

3                               RULINGS

4                                            Page        Line

5    First interim fee application of Gordon      8           24

6    & Rees LLP granted

7    First interim fee application of Corporate   13          3

8    Recovery Associates, Inc. granted

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                   C E R T I F I C A T I O N

2

3    I, Ellen S. Kolman, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7

8    *Ellen S. Kolman*

9

    _____

10

    /s/ ELLEN S. KOLMAN

11

    AAERT Certified Electronic Transcriber CET**D 568

12

13

    eScribers, LLC

14

15

    700 West 192nd Street, Suite #607

16

    New York, NY 10040

17

18

    Date: April 14, 2015

19

20

21

22

23

24

25

## A

**ability (1)**
12:23
**accomplished (1)**
15:16
**accurate (1)**
8:7
**activity (1)**
13:19
**actually (1)**
7:11
**administrative (1)**
12:4
**advice (1)**
11:24
**advisors (1)**
11:4
**afternoon (3)**
3:23;4:11;11:12
**again (2)**
6:5;11:20
**agreement (1)**
7:1
**ahead (1)**
13:2
**allow (11)**
6:1,11,24;7:2,14;8:1,
8,14,16,24;12:24
**allowance (1)**
7:15
**allowances (1)**
5:25
**allowed (10)**
5:20,22;6:1,5,6,7,8,
18;8:21,21
**along (1)**
5:12
**Although (1)**
15:6
**always (3)**
9:5,8;12:10
**amount (1)**
9:23
**amounts (1)**
6:18
**analyst (1)**
10:16
**apparent (1)**
11:20
**apparently (1)**
10:5
**appear (1)**
10:5
**appearance (2)**
11:5;15:21
**Appearances (1)**
3:9
**appearing (1)**
3:11
**applicant (1)**
3:12

**application (15)**
3:7,14,20,25;4:5;5:6,
18,23;6:18;7:14;8:13;
9:5;11:1,17,22
**applications (4)**
3:7,22;4:21;9:22
**appreciate (2)**
4:6;15:20
**approve (3)**
13:3,8,11
**approved (3)**
5:16;7:12;14:4
**APRIL (2)**
3:1;5:23
**assistance (1)**
11:24
**Associates (2)**
11:4,15
**assume (1)**
14:2
**assuming (1)**
8:13
**attorney (1)**
3:8
**attorneys' (1)**
13:12
**authorize (1)**
6:24
**authorized (1)**
5:21

## B

**behalf (1)**
3:11
**better (2)**
10:20;12:13
**billed (1)**
8:2
**billing (1)**
10:6
**Both (7)**
3:6;4:5;8:21;12:15,
24;13:5;14:22
**bring (1)**
12:23
**business (2)**
12:23;13:12

## C

**calendar (1)**
3:5
**CALIFORNIA (1)**
3:1
**Call (2)**
3:3;11:1
**came (1)**
4:9
**can (10)**
4:15,23;6:19;7:23;
8:11;10:9,13;13:6,7,8
**care (2)**

13:8,22
**case (6)**
6:10,18;13:18,21;
15:2,7
**cases (2)**
3:6;10:13
**cash (2)**
10:24;14:1
**catch (2)**
6:12;7:23
**Cawd (1)**
14:6
**CAWDREY (62)**
3:10,11,13,15;4:3,6,
12,15,18,21;5:3,9;6:3,
14,16,20,22;7:5,7,10,
19,22,25;8:4,7,10,17,
19,23;9:6,11,14,17,24;
10:3,7,9,12,16,18,21,
23;11:2,6,10;13:4,23;
14:4,5,9,11,14,21,25;
15:5,8,10,13,16,18,22,
25
**change (1)**
5:20
**Chapter (5)**
3:6;12:10;14:16,17;
15:10
**checked (1)**
4:10
**choose (1)**
14:10
**closely (1)**
4:18
**collateral (1)**
14:1
**comments (2)**
10:25;11:20
**company (1)**
14:17
**compel (1)**
12:24
**compensation (1)**
12:3
**compliant (1)**
10:5
**comply (1)**
9:14
**concluded (1)**
16:2
**condition (1)**
13:4
**conditional (1)**
5:1
**confirmed (1)**
14:19
**conjunction (1)**
15:14
**consistent (1)**
7:13
**contingent (1)**
14:18
**continue (2)**

8:14,22
**Corporate (2)**
11:3,15
**corporation (1)**
14:19
**costs (3)**
12:2,3,14
**counsel (1)**
3:11
**counsel's (1)**
9:8
**couple (1)**
3:13
**course (1)**
15:13
**Court (76)**
3:3,4,13,16,22;4:4,8,
9,14,17,20,23,24;5:5,
10;6:4,15,17,21,23,24;
7:1,6,9,11,20,23;8:1,5,
8,11,18,20,24;9:4,7,13,
16,19,25;10:4,8,11,15,
17,20,22,25;11:3,8,11,
14,17,19;12:7,9,22;
13:3,10,14;14:1,6,9,13,
15,22,24;15:1,6,9,12,
15,17,20,23;16:1
**Court's (2)**
3:5;16:1
**creditor (2)**
13:18,25
**creditors (2)**
13:20,21
**cut (1)**
12:14

## D

**date (1)**
8:3
**day (1)**
15:25
**dealing (1)**
12:10
**debtor (24)**
3:11,19,20,21,24;4:7,
19,22;5:2,7,10,11;9:9;
11:21,24;12:8,18,23;
13:5,6,6,7,8;14:16
**debtor-in-possession (1)**
3:8
**debtors (2)**
11:22;13:10
**debtor's (1)**
14:12
**declaration (7)**
3:21,24;4:7,22;5:1;
13:5;14:12
**depending (2)**
3:17;4:22
**difficult (1)**
12:11
**diligently (1)**

10:14
**disclosed (1)**
15:6
**disclosure (3)**
9:1,3;13:16
**discussed (2)**
4:15;14:15
**docket (2)**
10:1;14:3
**dollars (6)**
5:19,21;12:1,2,4,19
**done (5)**
9:20;11:23,24;12:15;
13:17
**draw (1)**
15:4
**during (1)**
5:16

## E

**early (1)**
10:10
**earned (1)**
12:5
**easier (1)**
9:12
**easy (1)**
11:21
**ECF (1)**
5:7
**effect (1)**
7:7
**effective (1)**
13:15
**eighty (12)**
6:6,8,9,11,12,24;7:3,
7,9,14,17;8:15
**either (2)**
3:22;4:1;7:1,3;13:7
**enter (1)**
5:15
**entered (1)**
6:1
**error (2)**
4:12;7:16
**even (1)**
9:21
**Exactly (2)**
4:20;14:24
**expense (1)**
8:20
**expenses (6)**
5:20,22,22,24;8:22;
13:4
**extent (1)**
8:9

## F

**fact (3)**
8:25;9:19,19
**far (2)**

**S.T. MOLL, INC.**
**Case No. 6:14-bk-12175**

April 8, 2015

12:11;14:19
**fault (1)**
9:9
**fee (14)**
3:6,7,20,25;4:5;5:6,
16,18;6:17;9:4,22;
11:1,17;12:5
**fees (17)**
4:16;5:12,19,21,22,
24;6:8,23,24;8:2,8,24;
10:12;11:18;13:3,12;
14:4
**FEFERMAN (16)**
11:7,9,12,13,15,18;
12:6,8,21;13:1,9,13,24;
14:7,8;15:24
**figure (1)**
8:11
**file (2)**
9:1;10:1
**filed (1)**
4:7
**filled (1)**
7:17
**financial (3)**
10:16;11:4,24
**fine (1)**
11:8
**first (6)**
3:7,19;5:17,18;10:1;
12:1
**follow (1)**
9:11
**forgot (1)**
14:3
**form (3)**
5:14;6:6;7:17
**formal (1)**
6:17
**fortune (1)**
14:21
**forward (1)**
8:13
**found (1)**
9:17
**four (1)**
6:13
**fourteen (1)**
12:17
**fourth (2)**
6:5;7:13
**frankly (1)**
14:22
**frog (2)**
11:6,7
**fulfilled (1)**
9:3
**fully (1)**
10:5
**function (1)**
5:14

**G**

**general (1)**
3:11
**Generally (1)**
12:13
**giving (1)**
7:16
**Good (8)**
3:10;9:5;10:8,19;
11:12;12:25;13:18;
15:18
**Gordon (2)**
3:8,12
**grant (2)**
4:5,25
**great (2)**
14:21;15:25
**gross (2)**
12:17,20
**guidelines (1)**
9:15;10:6

**H**

**half (2)**
12:17,19
**hand (1)**
10:24
**happened (1)**
6:4
**happens (1)**
9:10
**hear (1)**
10:2
**hearing (8)**
3:20;5:6;7:16;9:2,3,
21;10:1,2
**Holt (1)**
15:14
**Honor (25)**
3:10,15;4:6,13;5:4;
6:20;7:22;8:4,7,10,17,
23;9:6;10:7;11:2,6,7,
12;12:6,21;13:1,9;
14:11;15:22,24
**hope (3)**
4:17;10:7;13:15
**hopefully (1)**
4:23
**hours (1)**
4:10
**hundred (3)**
7:20;8:15,21

**I**

**income (3)**
12:9,11,15
**increase (3)**
12:15,18,22
**increased (1)**

12:9
**increasing (1)**
12:11
**insurance (1)**
12:3
**intend (2)**
8:22;13:3
**intention (3)**
6:9,10,19
**interim (4)**
3:6,7;5:15,25
**issue (3)**
4:25;5:13,14
**issues (4)**
3:13,18;4:5;14:20

**J**

**January (1)**
8:3
**Jeffrey (1)**
3:10
**job (1)**
12:25
**Judge (2)**
11:10;14:8

**L**

**landed (1)**
14:22
**last (2)**
4:10;12:16
**lessors (1)**
13:20
**Local (2)**
4:1;13:5
**look (1)**
12:20
**lot (1)**
6:18
**loves (1)**
13:12
**low-numbered (1)**
15:2
**luck (1)**
15:3

**M**

**ma'am (2)**
13:13;14:5
**major (1)**
3:16
**makes (1)**
9:11
**making (2)**
14:18,18
**many (1)**
9:7
**March (2)**
5:19;9:2
**math (1)**

8:11
**mathematical (2)**
3:18;5:13
**matter (3)**
3:18;15:2,9
**matters (1)**
3:5
**may (2)**
3:16;14:9
**maybe (1)**
12:16
**mean (6)**
7:2,3;8:1;12:9;
13:19;14:6
**merely (1)**
3:18
**met (1)**
10:10
**might (2)**
3:16;11:6
**modest (1)**
10:12
**Moll (2)**
14:12,16
**monthly (2)**
5:16;8:13
**months (3)**
6:13,13,15
**more (4)**
9:17;11:21;12:11;
13:16
**morning (1)**
3:10
**motion (2)**
4:25;6:11
**motions (1)**
3:6
**move (2)**
9:17;10:18
**much (3)**
6:7;9:17;15:20

**N**

**necessary (1)**
13:14
**net (2)**
7:7;12:20
**news (1)**
10:19
**next (1)**
8:13
**nine (1)**
6:15
**nobody (1)**
13:19
**none (2)**
13:19,20
**normally (1)**
5:5
**notice (3)**
3:19;5:6,10
**noticed (1)**

8:11
**Number (1)**
3:7
**numbers (3)**
9:9;12:20,20

**O**

**obviously (1)**
4:8
**often (2)**
9:21,22
**One (5)**
3:16,19;4:4;12:14;
14:9
**ones (1)**
6:5
**only (8)**
5:25;6:2,5,8,11;7:2,
14:8;15
**oOo- (1)**
3:2
**oppose (2)**
13:7,11
**order (8)**
3:3;5:14;6:1,6;7:17;
14:2,9,14
**orders (2)**
5:15;14:10
**out (4)**
8:11;11:21,22,23
**over (1)**
12:18

**P**

**paid (4)**
6:12,19;8:9,15
**parties (1)**
6:23
**party (1)**
12:12
**pay (3)**
6:2,8;7:3
**paying (2)**
6:7;13:12
**payment (10)**
5:21,22;6:25;7:7,9,
17,21;8:8,21;11:18
**payments (1)**
5:16
**people (1)**
5:8
**percent (20)**
5:21,25;6:2,2,6,8,9,
11,12,25;7:3,8,9,15,17,
21;8:15,16,21;12:17
**Perfect (1)**
5:3
**period (1)**
5:18
**ph (1)**
15:14

**place (2)**
3:4;6:7
**plan (4)**
9:1;13:16;14:17,19
**please (1)**
3:9
**plugging (1)**
15:10
**PM (2)**
3:1;16:2
**point (1)**
6:22
**pointed (1)**
11:23
**policy (1)**
15:9
**principal (1)**
14:12
**private (1)**
12:12
**problem (1)**
3:25
**procedure (3)**
5:15;7:12;8:14
**proceeding (1)**
12:14
**proceedings (1)**
16:2
**promise (1)**
9:8
**promised (2)**
8:25;9:4
**proof (1)**
5:7
**pull (1)**
11:21

**Q**

**quarter (1)**
12:16
**quiet (1)**
13:22

**R**

**really (4)**
5:11,13;7:20;13:10
**reasonable (1)**
8:25
**recess (1)**
16:1
**record (1)**
9:25
**recover (1)**
11:11
**Recovery (2)**
11:3,15
**reduce (1)**
9:23
**Rees (2)**
3:8,12
**related (2)**

15:2,6
**relative (1)**
10:13
**remainder (1)**
7:15
**remember (1)**
15:1
**reorganization (2)**
12:14;13:15
**reorganize (1)**
12:24
**request (1)**
11:16
**require (1)**
13:6
**required (2)**
4:1,13
**reserving (1)**
7:15
**review (3)**
6:23;13:16;14:2
**reviewed (1)**
8:24
**Richard (1)**
11:13
**Right (18)**
4:3;6:21;9:16,24;
10:3,15,17,22;11:19;
12:5;14:1,2,13,21;15:8,
12,15,17
**RIVERSIDE (1)**
3:1
**Rules (2)**
4:2;13:5
**running (1)**
13:19

**S**

**salary (1)**
14:18
**sales (1)**
12:18
**same (3)**
6:4;7:6;13:4
**save (1)**
10:25
**saved (1)**
12:1
**savings (1)**
12:3
**second (7)**
5:13,23;7:13;11:1;
12:17,19;13:18
**secondly (1)**
12:7
**secured (2)**
13:21,24
**served (3)**
3:20,25;5:7
**service (2)**
3:19;5:7
**set (1)**

3:5
**showing (1)**
4:4
**shut (1)**
13:1
**sic (1)**
14:4
**side (2)**
8:20;12:11
**sides (1)**
14:23
**sign (2)**
9:5;13:18
**six (1)**
6:13
**small (3)**
4:18;10:10;13:12
**smoothly (1)**
9:17
**solve (1)**
3:24
**Sometimes (4)**
9:25;10:1;13:10,14
**sorry (1)**
14:6
**sought (2)**
5:19,25
**staff (1)**
12:4
**statement (3)**
9:1,3;13:16
**stipulation (1)**
9:20
**stipulations (1)**
9:22
**story (1)**
15:19
**subject (1)**
5:1
**submit (3)**
4:22;6:23;14:11
**substantial (3)**
12:18;13:21,24
**success (3)**
11:21;14:17;15:18
**sum (2)**
8:5;12:18
**support (1)**
3:21
**sure (2)**
4:12;5:9

**T**

**talked (2)**
5:11;10:9
**teed (1)**
9:2
**third (2)**
6:4;7:13
**thought (1)**
5:11
**times (1)**

9:7
**today (1)**
7:24
**together (1)**
9:9
**total (2)**
5:24;8:5
**tracking (1)**
6:20
**trade (1)**
13:20
**Trustee (2)**
9:15,20
**try (3)**
9:11,14;10:13
**turnaround (1)**
11:21
**twenty-four (1)**
4:10
**two (9)**
3:4,22;4:4;11:23,25;
12:13,24;13:7;14:10

**U**

**under (1)**
5:15
**unless (2)**
4:9;12:10
**up (5)**
6:12;7:23;9:2;13:2;
14:10
**upload (1)**
14:14
**use (1)**
8:14
**used (1)**
5:14

**V**

**volume (1)**
12:18

**W**

**walk (1)**
4:23
**wants (1)**
4:23
**way (7)**
7:2,3,12,13;8:20;
9:18;14:15
**ways (1)**
12:13
**WEDNESDAY (1)**
3:1
**whatsoever (1)**
13:19
**Whereupon (1)**
16:2
**without (1)**
4:4

**wonderful (1)**
12:8
**worked (2)**
7:12;15:13
**workers' (1)**
12:2
**working (2)**
4:18;10:14
**works (1)**
15:9

**Y**

**year (1)**
6:15
**yesterday (2)**
4:9,11

**1**

**1,853 (1)**
5:20
**1:30 (2)**
3:1,5
**1:43 (1)**
16:2
**100,000 (1)**
12:1
**11 (1)**
3:6
**13 (3)**
14:16,17;15:11
**153 (1)**
5:24
**18 (1)**
3:7

**2**

**2013 (1)**
12:19
**2014 (1)**
12:17
**2015 (1)**
3:1
**20th (1)**
9:2
**275,000 (1)**
12:19

**3**

**30,000 (4)**
5:19,20,20;12:2
**30th (1)**
5:24
**31 (1)**
8:4
**31st (2)**
5:19;8:3

**5**

S.T. MOLL, INC.
Case No. 6:14-bk-12175

April 8, 2015

**5,894 (1)**
  6:1

**7**

**7,368 (1)**
  5:24
**70,000 (1)**
  12:4
**73- (1)**
  5:25

**8**

**8 (1)**
  3:1
**80 (4)**
  5:21,25;6:2,2

**9**

**9 (1)**
  12:10
**93,169.50 (1)**
  8:6