1  Jeffrey D. Cawdrey (SBN: 120488)
   Megan M. Adeyemo (CO BN: 36271)(admitted *Pro Hac Vice)*
2  GORDON & REES LLP
3  101 W. Broadway
   Suite 2000
4  San Diego, CA 92101
   Telephone: (619) 696-6700
5  Facsimile: (619) 696-7124

6
   Attorneys for Debtor
7  S.T. Moll, Inc. d/b/a Integrity Tire Auto Service Center

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  RIVERSIDE DIVISION

11 In re:                               ) CASE NO. 6:14-BK-12175-MJ
                                         )
12                                       ) Chapter 11
                                         )
13                                       ) **AMENDED PLAN OF**
   S.T. MOLL, INC.,                      ) **REORGANIZATION PROPOSED BY**
14 D/B/A INTEGRITY TIRE AUTO SERVICE     ) **DEBTOR**
   CENTER,                               )
15                                       ) **Disclosure Statement Hearing**:
                                         ) Date:   April 29, 2015
16                                       ) Time:  1:30 p.m.
                                         ) Courtroom: 301
17                  Debtor.              ) Judge: Meredith A. Jury
                                         )
18                                       ) **Plan Confirmation Hearing:**
                                         ) Date:   July 29, 2015
19                                       ) Time:  1:30 p.m.
                                         ) Courtroom: 301
20                                       ) Judge: Meredith A. Jury

21 _____

22

23

24

25

26

27

28

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF CONTENTS

**Page No.**

I.    GENERAL ............................................................................................................1

    1.1.    Defined Terms .......................................................................................1

        1.1.1.    Administrative Claim .......................................................1
        1.1.2.    Allowed..............................................................................1
        1.1.3.    Bankruptcy Code .............................................................1
        1.1.4.    Bankruptcy Rule(s) .........................................................1
        1.1.5.    Case...................................................................................1
        1.1.6.    Claim.................................................................................2
        1.1.7.    Claims Bar Date ...............................................................2
        1.1.8.    Claimholder.......................................................................2
        1.1.9.    Class..................................................................................2
        1.1.10. Confirmation Date ............................................................2
        1.1.11. Confirmation Order ..........................................................2
        1.1.12. Creditor ............................................................................2
        1.1.13. Court .................................................................................2
        1.1.14. Debtor ...............................................................................2
        1.1.15. Disclosure Statement .......................................................2
        1.1.16. Disputed Claim .................................................................2
        1.1.17. Distribution ......................................................................3
        1.1.18. Effective Date ...................................................................3
        1.1.19. Equity Holder or Equity Interest Holder...........................3
        1.1.20. Equity Interest ..................................................................3
        1.1.21. Estate................................................................................3
        1.1.22. Final Decree .....................................................................3
        1.1.23. Final Order .......................................................................3
        1.1.24. General Unsecured Creditors ............................................3
        1.1.25. Gordon & Rees .................................................................3
        1.1.26. Holder ...............................................................................3
        1.1.27. Impaired ...........................................................................3
        1.1.28. Landlords .........................................................................3
        1.1.29. Local Rules .......................................................................3
        1.1.30. Lien ...................................................................................3
        1.1.31. Net Proceeds .....................................................................3
        1.1.32. Petition Date.....................................................................4
        1.1.33. Plan ...................................................................................4
        1.1.34. Priority Tax Claim ...........................................................4
        1.1.35. Priority Wage Claim ........................................................4
        1.1.36. Professional......................................................................4
        1.1.37. Professional Fee Claim ....................................................4
        1.1.38. Pro Rata............................................................................4
        1.1.39. Quarterly UST Fees .........................................................4
        1.1.40. Schedules .........................................................................4
        1.1.41. Unimpaired ......................................................................4
        1.1.42. Unsecured Claim ..............................................................4
        1.1.43. UST ...................................................................................5

    1.2.    Rules of Interpretation, Computation of Time and Governing Law...................5

        1.2.1    Rules of Interpretation ........................................................5
        1.2.2    Computation of Time ...........................................................5
        1.2.3    Governing Law ....................................................................5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101**

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

# TABLE OF CONTENTS

**Page No.**

II.   INTRODUCTION ...........................................................................................6

2.1.   Procedural Background ..........................................................................6

III.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ...................6

3.1.   General Overview ...................................................................................6
3.2.   Unclassified Claims ...............................................................................7

    (i)     Administrative Claims ....................................................................7
    (ii)    Priority Tax Claims.........................................................................8

3.3.   Classified Claims and Interests .............................................................9

    (i)     Classes of Secured Claims ..............................................................9
    (ii)    Classes of Priority Unsecured Claims.............................................9
    (iii)   Class of Landlord Claims...............................................................10
    (iv)    Class of Premium Performance Enterprises, Inc. ..........................10
    (v)     Class of General Unsecured Claims ..............................................11
    (vi)    Class of Equity Interest Holders ...................................................11

3.4.   Means of Performing the Plan ..............................................................12

    (i)     Funding for the Plan......................................................................12
    (ii)    Post-Confirmation Management ...................................................12
    (iii)   Disbursing Agent ..........................................................................12

IV.   TREATMENT OF MISCELLANEOUS ITEMS ...............................................12

4.1.   Executory Contracts and Unexpired Lease ...........................................12
4.2.   Objections to Claims............................................................................13
4.3.   Deadline for Filing Claims...................................................................13
4.4.   Changes in Rates Subject to Regulatory Commission Approval...........13
4.5.   Retention of Jurisdiction .....................................................................13

V.    EFFECT OF CONFIRMATION OF PLAN.......................................................13

5.1.    Discharge ............................................................................................13
5.2.    Modification of Plan ...........................................................................14
5.3.    Discontinuance of Retention of Professional Employed by Debtor .....14
5.4.    United States Trustee Fees...................................................................14
5.5.    Withholding and Reporting Requirements ..........................................15
5.6.    Implementation Reports and Closing Case ..........................................15
5.7.    Indemnification Obligations ...............................................................15
5.8.    Post-Confirmation Conversion/Dismissal ..........................................15
5.9.    Interpretation......................................................................................16
5.10.   Binding Effect.....................................................................................16
5.11.   Other Documents and Actions .............................................................16
5.12.   Successors and Assigns........................................................................16
5.13.   Final Decree ........................................................................................16

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

# TABLE OF AUTHORITIES

**Page No.**

**Statutes**

11 United States Code
    Section 101 ................................................................................................................. 1, 2, 3

11 United States Code
    Section 102 ................................................................................................................. 5

11 United States Code
    Section 1103 ............................................................................................................... 4

11 United States Code
    Section 1112 ............................................................................................................... 15

11 United States Code
    Section 1114 ............................................................................................................... 1

11 United States Code
    Section 1124 ............................................................................................................... 3, 4

11 United States Code
    Section 1125 ............................................................................................................... 2

11 United States Code
    Section 1126 ............................................................................................................... 2

11 United States Code
    Section 1127 ............................................................................................................... 6

11 United States Code
    Section 1141 ............................................................................................................... 16

11 United States Code
    Section 327 ................................................................................................................. 4

11 United States Code
    Section 328 ................................................................................................................. 4

11 United States Code
    Section 330 ................................................................................................................. 1

11 United States Code
    Section 331 ................................................................................................................. 1

11 United States Code
    Section 365 ................................................................................................................. 10

11 United States Code
    Section 503 ................................................................................................................. 1, 4, 7

11 United States Code
    Section 507 ................................................................................................................. 1, 4, 8, 9, 11

11 United States Code
    Section 521 ................................................................................................................. 4

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

# TABLE OF AUTHORITIES

**Page No.**

11 United States Code
    Section 541 ................................................................................................... 3

28 United States Code
    Section 1930 .............................................................................................. 4, 14

28 United States Code
    Section 2075 ................................................................................................... 1

28 United States Code
    Sections 1911-1930 ....................................................................................... 1

**Rules**

Bankruptcy Rules
    Rule 1009 ...................................................................................................... 4

Bankruptcy Rules
    Rule 3018 ...................................................................................................... 2

Bankruptcy Rules
    Rule 3019 ...................................................................................................... 6

Bankruptcy Rules
    Rule 3022 .................................................................................................. 3, 16

Bankruptcy Rules
    Rule 9006 ...................................................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA  92101**

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

# I.    GENERAL

## 1.1.    Defined Terms

**1.1.1.    Administrative Claim**:  A claim for costs and expenses of administration under §§ 503(b), 507(b) or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred on or after the Petition Date of preserving the estate and assets of Debtor (including, but not limited to, wages, salaries or commissions for services and payments for goods and other services); (b) compensation for legal, financial advisory, accounting and other services and reimbursement of expenses awarded or allowed under §§ 330(a) or 331 of the Bankruptcy Code; and (c) all fees and charges assessed against the estate under chapter 123 of Title 28 United States Code, 28 U.S.C. §§ 1911-1930.

**1.1.2.    Allowed**:  With respect to Claims, any Claim that (i) has been scheduled by Debtor in its schedules of liabilities as other than disputed, contingent or unliquidated and as to which Debtor or other party in interest has not filed an objection; (ii) was filed on or before the Claims Bar Date or filed after such date with leave of Court to which a timely objection has not been filed; (iii) has been allowed by a Final Order, or by stipulation as to the amount and nature of Claim executed with Debtor on or after the Effective Date; (iv) relates to a rejected executory contract or unexpired lease as to which Debtor or other party in interest has not filed an objection, or has been allowed by a Final Order, in either case only if a proof of claim has been timely filed under applicable law; or (v) a Claim that is allowed pursuant to the terms of this Plan.

**1.1.3.    Bankruptcy Code**:  Title 11 of the United States Code, as amended from time to time, as set forth in §§ 101 et seq. of Title 11 of the United States Code, and applicable portions of Titles 18 and 28 of the United States Code.

**1.1.4.    Bankruptcy Rule(s)**:  The Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to Debtor's case, promulgated under 28 U.S.C. § 2075 and the Local Rules of the Court.

**1.1.5.    Case**:  Debtor's Chapter 11 case, designated as 6:14-bk-12175-MJ, pending before the Court.

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

**1.1.6.   Claim**:  A claim (as defined in § 101(5) of the Bankruptcy Code) against Debtor, including, but not limited to: (a) any right to payment from Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, contingent, matured, unmeasured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such performance gives rise to a right of payment from Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmeasured, disputed, undisputed, secured or unsecured. "Claim" shall not include unmatured or unearned interest as of the Petition Date on the amount of any Claim except as permitted by the Bankruptcy Code or except as expressly provided otherwise in this Plan.

**1.1.7.   Claims Bar Date**:  May 27, 2014, the bar date for filing proofs of claim, as established by the Court.

**1.1.8.   Claimholder**: This shall mean a Holder of a Claim.

**1.1.9.   Class**:  A category of Holders of Claims or Interests as set forth in Section III of the Plan.

**1.1.10. Confirmation Date**:  The date on which the Confirmation Order becomes a Final Order.

**1.1.11. Confirmation Order**:  The Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.1.12. Creditor**: A person who holds a Claim against Debtor or Debtor's Estate.

**1.1.13. Court**:  This shall mean the United State Bankruptcy Court Central District of California, Riverside Division.

**1.1.14. Debtor**:  S.T. Moll, Inc. d/b/a Integrity Tire Auto Service Center.

**1.1.15. Disclosure Statement**:  The Disclosure Statement for the Plan, to be filed and as amended, supplemented, or modified from time to time, describing the Plan, that is prepared and distributed in accordance with §§ 1125 and 1126(b) of the Bankruptcy Code and Bankruptcy Rule 3018 and/or other applicable law.

**1.1.16. Disputed Claim**: Any Claim: (a) listed on the Schedules as unliquidated, disputed or contingent; or (b) as to which Debtor or any other party in interest have interposed a timely

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1  objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy

2  Rules or is otherwise disputed by Debtor in accordance with applicable law, which objection,

3  request for estimation or dispute has not been withdrawn or determined by a Final Order.

4    **1.1.17. Distribution**:  Payment(s) to creditors by the Debtor as required by this Plan.

5    **1.1.18. Effective Date**: The later of the first business day thirty (30) days after the

6  Confirmation Date or September 30, 2015.

7    **1.1.19. Equity Holder or Equity Interest Holder**:  This shall mean the Holder of an

8  Equity Interest in Debtor.

9    **1.1.20. Equity Interest**:  Equity security interest in Debtor and any warrant or right to

10  purchase, sell or subscribe to an Equity Interest.

11    **1.1.21. Estate**:  The bankruptcy estate of Debtor created upon commencement of the

12  Case pursuant to § 541(a) of the Bankruptcy Code.

13    **1.1.22. Final Decree**:  Shall mean the decree contemplated under Bankruptcy Rule 3022.

14    **1.1.23. Final Order**:  An order no longer subject to appeal, review or certiorari

15  proceedings.

16    **1.1.24. General Unsecured Creditors**:  Holders of Unsecured Claims.

17    **1.1.25. Gordon & Rees**:  Gordon & Rees LLP, general bankruptcy counsel for Debtor.

18    **1.1.26. Holder**:  A person holding a Claim or Interest.

19    **1.1.27. Impaired**:  Shall have the meaning provided in § 1124 (1) of the Bankruptcy

20  Code.

21    **1.1.28. Landlords**:  The lessors under unexpired leases for real property pursuant to

22  which Debtor is lessee.

23    **1.1.29. Local Rules**:  Shall have the meaning of the Local Rules of the United States

24  Bankruptcy Court, Central District of California.

25    **1.1.30. Lien**:  Shall have the meaning provided for by § 101(37) of the Bankruptcy Code.

26    **1.1.31. Net Proceeds**:  Shall have the meaning of such amounts collected from the sale or

27  liquidation of assets after payment of all costs and expenses of such sale or liquidation, including

28  without limitation, attorney's fees.

*Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101*

1     **1.1.32. Petition Date**: Shall mean February 23, 2014, the date on which Debtor filed its

2    Chapter 11 petition commencing this Case.

3     **1.1.33. Plan**: This Chapter 11 plan of reorganization, either in its present form or as it

4    may be altered, amended or modified in accordance with the Bankruptcy Code.

5     **1.1.34. Priority Tax Claim**: A Claim of a governmental unit of the kind specified in §

6    507(a)(8) of the Bankruptcy Code.

7     **1.1.35. Priority Wage Claim**: Any Claim for wages, salaries or commissions accorded

8    priority in right of payment under § 507(a)(4)(A) of the Bankruptcy Code.

9     **1.1.36. Professional**: Any professional employed in this Case pursuant to §§ 327, 328,

10    or 1103 of the Bankruptcy Code or otherwise, and (b) any professional or other entity seeking

11    compensation and reimbursement of expenses in connection with this Case pursuant to §

12    503(b)(4) of the Bankruptcy Code.

13     **1.1.37. Professional Fee Claim**: A Claim of a Professional for compensation for

14    services rendered or reimbursement of costs, expenses, or other charges incurred on and after the

15    Petition Date and prior to the Effective Date.

16     **1.1.38. Pro Rata**: With respect to any (a) creditor, that proportion which the Allowed

17    Claim of such creditor bears to the sum of all Allowed Claims in the same class as the creditor's

18    Allowed Claim.

19     **1.1.39. Quarterly UST Fees**: Post-confirmation quarterly fees owing to the United

20    States Trustee Program pursuant to 28 U.S.C. § 1930(a)(6).

21     **1.1.40. Schedules**: Bankruptcy schedules of assets and liabilities, the list of Holders of

22    Interests, and the statement of financial affairs filed by Debtor pursuant to § 521 of the

23    Bankruptcy Code and the Bankruptcy Rules, as such schedules have been or may be further

24    modified, amended or supplemented in accordance with Bankruptcy Rule 1009 or orders of the

25    Bankruptcy Court.

26     **1.1.41. Unimpaired**: Shall mean that the Class is treated under the Plan in accordance

27    with § 1124(1) of the Bankruptcy Code.

28     **1.1.42. Unsecured Claim**: Any Claim against Debtor that is not an Administrative

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

Claim, Priority Tax Claim or Priority Wage Claim, including without limitation any Claims arising from the rejection of executory contracts and/or unexpired leases and including any allegedly secured but unperfected Claims that are not otherwise dealt with in this Plan.

**1.1.43. UST**:  Shall mean the Office of the United States Trustee for the Central District of California.

**1.2.**    **Rules of Interpretation, Computation of Time and Governing Law**

**1.2.1    Rules of Interpretation**.  For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference in the Plan to a contract, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any reference in the Plan to an existing document or exhibit filed, or to be filed, shall mean such document or exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified, all references in the Plan to Sections and Exhibits are references to Sections and Exhibits of or to the Plan; (e) the words "herein" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (f) captions and headings to Sections and paragraphs are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; (g) the rules of construction set forth in § 102 of the Bankruptcy Code shall apply; and (h) any term used in capitalized form in the Plan that is not defined herein but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

**1.2.2    Computation of Time**.  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**1.2.3.    Governing Law**.  Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, and subject to the provisions of any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, the rights and

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State in which the court resides, without giving effect to the principles of conflict of laws thereof.

## II.    INTRODUCTION

### 2.1.    Procedural Background

S.T. Moll, Inc. is the Debtor in this Chapter 11 Case.  On February 23, 2014, Debtor commenced this Case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. This document is the Plan and is proposed by Debtor.  This Plan provides for the allocation and distribution of the remaining proceeds of the pre-confirmation sales, liquidation of Debtor's remaining assets, and treatment of the outstanding Allowed Claims and Equity Interests. Reference is made to the Disclosure Statement, distributed contemporaneously herewith, for a discussion of (i) Debtor's history, (ii) Debtor's former business and operations, (iii) events precipitating the commencement of this Case, (iv) major events occurring during the pendency of Debtor's Case, (v) a summary and analysis of this Plan, and (vi) certain related matters, including risk factors relating to the projected payments under this Plan.

All Holders of Claims who are eligible to vote on the Plan are encouraged to read this Plan and the accompanying Disclosure Statement, including all exhibits thereto, in their entirety before voting to accept or reject the Plan.  Subject to certain restrictions and requirements set forth in § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, Debtor reserves the right to alter, amend, modify, revoke, or withdraw this Plan, prior to its substantial consummation.

This is a plan of reorganization.  In other words, the Plan provides for In other words, the Plan provides for the ongoing operation of Debtor's business and a Distribution to Holders of Allowed Claims from Debtor's operations.  The Plan provides for Distributions to Holders of Allowed Claims.

## III.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### 3.1.    General Overview

As required by the Bankruptcy Code, the Plan classifies Claims and Interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The

**Gordon & Rees LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA  92101**

Plan states whether each Class of Claims or Interests is Impaired or Unimpaired.  The Plan

provides the treatment of each Class will receive under the Plan.

**3.2.    Unclassified Claims**

Certain types of Claims are not placed into voting classes; instead they are unclassified.

They are not considered Impaired and they do not vote on the Plan because they are

automatically entitled to specific treatment pursuant to the Bankruptcy Code.  As such, the Plan

Proponent has not placed the following Claims into classes.  The treatment of these Claims is

provided below.

**(i)    *Administrative Claims***

Administrative Claims are Claims for costs or expenses of administering the Debtor's

Case which are allowed under § 503.  The Bankruptcy Code requires that all Administrative

Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a

different treatment.  Administrative Claim Holders have agreed to the treatment of

Administrative Claims as set forth below in the following Chart:

| Name | Amount Owed | Treatment |
|---|---|---|
| Gordon & Rees LLP | Est. $80,000.00 | Paid in full on Effective Date, or within fourteen days of allowance, unless paid prior. |
| Corporate Recovery Associates, LLC | Est. $50,000.00 | Paid in full on Effective Date, or within fourteen days of allowance, unless paid prior. |
| Internal Revenue Service | $7,785.47 | Debtor believes this amount has been paid.  To the extent Debtor has not paid any postpetition administrative tax claims, such claims will be paid on the Effective Date. |
| Granite Village West | $0.00 | Debtor is current on all postpetition payments to Granite Village West and does not anticipate that Granite Village West will hold an administrative claim. |
| Stater Bros. | $0.00 | Debtor is current on all postpetition payments to Stater Bros. and does not anticipate that Stater Bros. will hold an administrative claim. |
| Clerk's Office Fees | TBD | Paid in full on Effective Date unless paid prior. |
| Office of the U.S. Trustee Fees | Est. $5,000.00 | Paid in full on Effective Date unless paid prior. |
| **TOTAL** | **$142,785.47** | |

**Gordon & Rees LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA  92101**

<u>Court Approval of Fees Required</u>:

For all fees except Clerk's Office fees and United States Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees Allowed by the Court will be owed and required to be paid under this Plan.

**(ii)    *Priority Tax Claims***

Priority Tax Claims are certain unsecured income, employment and other taxes described by § 507(a)(8) of the Bankruptcy Code. The following chart lists all of the Debtor's Priority Tax Claims and their treatment under the Plan.

| Description | Amount Owed | Treatment |
|---|---|---|
| Board of Equalization Special Taxes and Fees P.O. Box 942879 Sacramento, CA 94279-0055<br><br>Government Taxes/Fees Date tax assessed: Unknown | $73,654.64 | The Board of Equalization shall be paid in monthly installments of $1,235.39 over a period not to exceed five years from the Petition Date with interest at the federal judgment rate. |
| Internal Revenue Service P.O. Box 7346 Philadelphia, PA 19101-7346<br><br>Government Taxes/Fees<br><br>Date tax assessed: Unknown | $163,495.55 | The Internal Revenue Service filed Claim No. 5 and asserts a priority claim of $289,248.63. Mr. Moll filed a Chapter 13 case before the Court, Case No. 14-20002-MJ. In that case, Mr. Moll's confirmed plan provides for payment to the IRS of $125,753.08 for the same amounts claimed through Claim No. 5.<br><br>The IRS shall be paid in equal monthly installments of $3,801.37 over a period not to exceed five years from the Petition Date with interest at the federal judgment rate. |
| Employee Development Dept. P.O. Box 8268880 Sacramento, CA 94280-0001<br><br>Government Taxes/Fees<br><br>Date tax assessed: Unknown | $24,741.00 | The Board of Equalization shall be paid in monthly installments of $575.24 over a period not to exceed five years from the Petition Date with interest at the federal judgment rate. |
| **TOTAL** | **$261,891.19** | |

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

### 3.3. Classified Claims and Interests

(i)     *Classes of Secured Claims*

Secured Claims are claims secured by Liens on property of the Estate.  The following chart lists all classes containing Debtor's secured prepetition Claims and their treatment under this Plan.

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of:<br><br>Secured claim of:<br><br>SMS Financial, LLC<br><br>Collateral includes all of the personal property of the Debtor, including without limitation equipment, inventory and accounts receivables.<br><br>Priority of security int.: First<br><br>Claim Amount: $153,327.56 less payments made through the Effective Date<br><br>Post-pet. arrearage amount: $0.00 | No | Yes | SMS's claim shall accrue interest at the rate of 5% per annum.  SMS shall be paid in monthly installments of $2,598.59 through November 22, 2020, followed by one monthly payment of $2,040.93 in accordance with the stipulation by and between Debtor and SMS filed with the Court until paid in full.  . |

(ii)     *Classes of Priority Unsecured Claims*

Certain Priority Unsecured Claims that are referred to in §§ 507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code are required to be placed in classes.  The following chart lists all classes containing Debtor's §§ 507(a)(3), (4), (5), (6), and (7) Priority Unsecured Claims and their treatment under this Plan.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 2 | Debtor Does Not Have Any Priority Unsecured Claims | Not Applicable | Not Applicable |

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

**(iii)** *Class of Landlord Claims*

The prepetition unsecured claims of Debtor's Landlords, Granite Village West and Stater Bros., are impaired under the Plan and, as such, are entitled to vote. Debtor intends to assume its unexpired leases for real property pursuant to § 365.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|------------|----------------|-----------|
| **3** | Granite Village West<br><br>Claim Amount: $3,771.71 | Y | Paid in full within three months of the Effective Date of the Plan |
| **3** | Stater Bros.<br><br>Claim Amount: $1,697.90 | Y | Paid in full within three months the Effective Date of the Plan |

**(iv)** *Class of Premium Performance Enterprises, Inc.*

Prepetition, Debtor purchased two store locations from Premium Performance Enterprises, Inc. ("PPE"), one at 1061 E. Arrow Highway, Glendora, CA (the "Glendora Store") and 476 West Valley Blvd., Rialto, CA (the "Rialto Store," collectively with the Glendora Store, the "PPE Stores"). As part of the transaction, Debtor granted PPE a security interest in the inventory, furnishings, fixtures, accounts receivable, vehicles and equipment located at the PPE Stores (collective, the "PPE Collateral"). Mr. Moll executed a guaranty of Debtor's obligations to PPE. Debtor sold the PPE Stores, including the PPE Collateral, with the knowledge of PPE. PPE asserts that it holds a secured claim in the amount of $137,862.82. Debtor disputes PPE's assertion as the PPE Collateral remained with the PPE Stores sold prepetition and submits that PPE holds an unsecured claim. Debtor filed an objection to the classification of PPE's claim and seeking to reclassify PPE's claim as unsecured. The objection has been resolved through the treatment of PPE's claim set forth herein.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|------------|----------------|-----------|
| **4** | Premium Performance Enterprises, Inc. claim<br><br>Claim Amount: $137,862.82, which | Y | Debtor shall disburse to PPE a payment of $5,000 on or before the Effective Date. Debtor shall also make quarterly payments of monthly amount $1,065.52, totaling $3,196.57 per quarter, payable each quarter for five |

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

- 10 -

| | | | |
|---|---|---|---|
| | is allowed and will not be objected to | | years.   PPE will receive distributions of 50% on account of its allowed claim, totaling $68,931.41 (including the $5,000 paid on the Effective Date), with no interest. |

### (v)    *Class of General Unsecured Claims*

The Allowed General Unsecured Claims are impaired under the Plan and, as such, are entitled to vote under the Plan.  The Allowed General Unsecured Claims are unsecured claims not entitled to priority under § 507(a).  Debtor anticipates distributions to unsecured creditors of approximately 25% of their claims from quarterly distributions (*see* **Exhibit B** of the Disclosure Statement for detailed information about each General Unsecured Claim).  Debtor anticipates no funds will remain to make Distributions to any Holders of any Allowed General Unsecured Claims.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| **5** | General Unsecured Claims<br><br>Claim Amount: $288,891.26 | Y | Debtor shall Disburse to Holders of Allowed General Unsecured Creditors a monthly amount of $1,209.15, totaling $3,627.47per quarter, payable each quarter for five years. Each Holder of an Allowed Unsecured Claim will receive its pro rata share of the quarterly amount disbursed. Debtor estimates Holders of Allowed Unsecured Claims will receive estimated distributions of 25% on account of each claim, with no interest. |

### (vi)    *Class of Equity Interest Holders*

Interest holders are the parties who hold an ownership interest (i.e., Equity Interest) in the debtor.  If the debtor is a corporation, entities holding preferred or common stock in the debtor are interest holders.  If the debtor is a partnership, the interest holders include both general and limited partners.  If the debtor is an individual, the debtor is the interest holder.

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

Debtor is owned by Mr. Steven W. Moll.  Mr. Moll will retain his equity interest.  Mr. Moll will pay a significant portion, $125,753.08, of the priority claim asserted by the Internal Revenue Service.

The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| **6** | Equity Interest holders | N | Equity will retain its interest.  Equity will contribute new value. |

### 3.4.   Means of Performing the Plan

**(i)**    *Funding for the Plan*

The Plan will be funded by cash on hand and revenues from Debtor's operating business.

**(ii)**    *Post-Confirmation Management*

From and after the Effective Date, Debtor's management, specifically Mr. Steven W. Moll, shall continue to manage Debtor

**(iii)**    *Disbursing Agent*

Debtor shall be appointed as the disbursing agent under the Plan as the Plan calls for Distributions.  Debtor, at the direction of Steven W. Moll, will issue the payments called for under the Plan.  Debtor, as the disbursing agent, shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

### IV.    TREATMENT OF MISCELLANEOUS ITEMS

### 4.1.   Executory Contracts and Unexpired Lease

Upon the Effective Date, Debtor hereby assumes its leases with the Landlords and its Independent Dealer Agreement with Goodyear Tire & Rubber.  All other unexpired leases and executory contracts shall be deemed rejected by the Debtor.

Claims arising from the executory contracts rejected by Debtor shall be forever barred and shall not be enforceable against Debtor, its successors, Estate, and property, unless a proof of claim is filed with the Bankruptcy Court and actually received by the Debtor on or before the later of thirty (30) days after the Effective Date or as otherwise ordered by the Bankruptcy Court.

**Gordon & Rees LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA  92101**

Claims arising from the rejection of executory contracts for which proofs of claim are required to be filed will be, and will be treated as a General Unsecured Claim.  Objections to rejection Claims shall be filed within one-hundred twenty (120) days after the Effective Date.

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE EFFECTIVE DATE.  Any Claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise

**4.2.** **Objections to Claims**

Following the Effective Date, the Debtor may object to the allowance of any claim against the Debtor.  Debtor may, at any time up to 180 days after the Effective Date, file an objection to any Claim that in the Debtor's opinion should be rejected in whole or in part.  Upon the filing of any such objection, such Claim will be considered a Disputed Claim.

**4.3.** **Deadline for Filing Claims**

The last day for filing proofs of claims against the Debtor was May 27, 2014, the Claims Bar Date fixed by the Bankruptcy Court.

**4.4.** **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**4.5.** **Retention of Jurisdiction**

The Court will retain jurisdiction to the extent provided by law.

**V.** **EFFECT OF CONFIRMATION OF PLAN**

**5.1.** **Discharge**

Except as otherwise provided in the Plan or in the Confirmation Order, Confirmation of the Plan will operate as a discharge of all Claims against Debtor that arose at any time before Confirmation.  The discharge will be effective as to all Claims, regardless of whether a proof of

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

claim therefore was filed, whether the Claim is an Allowed Claim, or whether the Holder of the

Claim votes to accept the Plan.  All Holders of Allowed Claims and Equity Interest are

prohibited and enjoined from bringing any action that involves any claim for relief or case of

action against Debtor and/or its respective successors and assigns, in any court other than the

Bankruptcy Court.

**5.2.  Modification of Plan**

Debtor may propose amendments or modifications of this Plan at any time prior to entry

of the Confirmation Order.  Any provisions that the Court may render this Plan unconfirmable

may be severed or altered at the option of Debtor.  After entry of the Confirmation Order, Debtor

may, with approval of the Court, and so long as it does not materially and adversely affect a

Claim Holder, remedy any defect or omission, or reconcile inconsistencies in the Plan or in the

Confirmation Order, in such a manner as may be necessary to carry out the purposes and intent

of the Plan.  However, the Court may require a new disclosure statement and/or revoting on the

Plan if Debtor modifies the Plan before confirmation.

Debtor may also seek to modify the Plan at any time after confirmation so long as (1) the

Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed

modifications after notice and a hearing.

**5.3.  Discontinuance of Retention of Professional Employed by Debtor**

Debtor may retain such Professionals as it deems appropriate and necessary to complete

its Plan.

**5.4.  United States Trustee Fees**

All fees accrued under 28 U.S.C. §1930(a)(6) to date of confirmation shall be paid to the

UST on or before the Effective Date of the Plan.  In the event that such fees are not paid by the

Effective Date, Debtor shall promptly pay all such fees.   Quarterly fees accruing under 28

U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance

with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or

conversion to chapter 7.

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## 5.5.    Withholding and Reporting Requirements

In connection with the Plan and all instruments issued in connection therewith and with respect to all Distributions pursuant to the Plan, Debtor shall comply with any withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority.  All parties entitled to receive a Distribution under the Plan may be required to complete and execute an IRS Form W-9 or such other forms, providing similar information as may be required prior to making any Distribution to such party.

## 5.6.    Implementation Reports and Closing Case

One hundred and twenty (120) days following the Effective Date, Debtor shall file an implementation report with the Clerk of the Bankruptcy Court setting forth the status of implementation of the Plan.  The initial report shall be served on the UST, Debtors' 20 largest unsecured creditors, and any other parties who have requested special notice.  Upon substantial consummation of the Plan or as soon thereafter as all matters in the Case have been resolved, Debtor will file a motion with the Clerk of the Bankruptcy Court requesting the entry of a Final Decree closing the Cases.

## 5.7.    Indemnification Obligations

Except if and as otherwise provided in this Plan, or any contract, instrument, release, or other agreement or document entered into in connection with this Plan, or except as otherwise granted pursuant to a Final Order of the Court entered following the Petition Date and prior to the Effective Date, any and all indemnification obligations that Debtor has pursuant to a contract, instrument, release, agreement, certificate of incorporation, by-law, comparable organizational document or any other document, or applicable law shall be deemed rejected as of the Effective Date.

## 5.8.    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112 (b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will

revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**5.9.    Interpretation**

To the extent that the terms of the Plan are inconsistent with the terms of any agreement or instrument concerning any claim or equity interest, or any other matter, the terms of the Plan shall control.

**5.10.    Binding Effect**

Upon Confirmation of the Plan, the Plan Proponent and all creditors and Equity Interest Holders, whether or not the Claim of such Creditor is Impaired under the Plan, shall be bound by the provisions of the Plan pursuant to § 1141(a) of the Bankruptcy Code.

**5.11.    Other Documents and Actions**

Debtor may execute such other documents and take such other actions as may be necessary or appropriate to effectuate the transactions contemplated under this Plan.

**5.12.    Successors and Assigns**

The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and assigns of such Person.

**5.13.    Final Decree**

Once the Estate has been fully administered as referred to in Bankruptcy Rule 3022, Debtor, or other party as the Court shall designated in the plan confirmation order shall file a motion with the Court to obtain a final decree to close the case.

*[Remainder of Page Intentionally Left Blank]*

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

1    DATED: June 9, 2015.

2                                        S.T. MOLL, INC.

3                                        By:  _____
                                              Steven W. Moll
4                                             President

5    PRESENTED BY:

6    GORDON & REES LLP

7    By: /s/ Jeffrey D. Cawdrey_____
     Jeffrey D. Cawdrey
8    Megan M. Adeyemo
     Counsel for Debtor and Plan Proponent
9    S.T. MOLL, INC. D/B/A INTEGRITY TIRE AUTO SERVICE CENTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1094637/23511003v.1

- 17 -
AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR