Jeffrey D. Cawdrey (SBN: 120488)
Megan M. Adeyemo (CO BN: 36271)(*Pro Hac Vice*)
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Debtor
S.T. Moll, Inc. d/b/a Integrity Tire

**FILED & ENTERED**

**AUG 19 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bailey    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>S.T. MOLL, INC.,<br>D/B/A INTEGRITY TIRE AUTO SERVICE CENTER,<br><br>Debtor. | CASE NO. 6:14-BK-12175-MJ<br><br>Chapter 11<br><br>**ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR**<br><br>Date: July 29, 2015<br>Time: 1:30 p.m.<br>Courtroom: 301<br>Judge: Meredith A. Jury |

On July 29, 2015, this Court, the Honorable Meredith A. Jury presiding, held a hearing (the "Confirmation Hearing") to address confirmation of Debtor and Debtor-in-possession S.T. MOLL, INC.'s ("Debtor") Amended Plan of Reorganization Proposed by Debtor [Docket No. 264] (the "Plan"). Debtor appeared by and through its counsel, Gordon & Rees LLP, by Jeffrey D. Cawdrey. Other appearances were as noted on the record.

The Court, having reviewed and considered all papers, pleadings and evidence in support thereof, including the following in connection with the confirmation of the Plan: (a) the Plan, (b) Second Amended Disclosure Statement for Plan of Reorganization Proposed by Debtor [Docket No. 263] (the "Disclosure Statement"), (c) the proofs of service of the notice of confirmation

- 1 -

hearing, ballots, Plan and Disclosure Statement, (d) the Court's Order on Debtor's Motion for Order: (1) Approving Amended Disclosure Statement, (2) Fixing Deadlines Relating to Plan Confirmation and (3) Approving Form of Ballot and Notice [Docket No. 269] (the "Solicitation Order"), (e) Memorandum of Points and Authorities in Support of Plan Confirmation [Docket No. 279] (the "Confirmation Brief"), (f) Declaration of Steven W. Moll in Support of Plan Confirmation [Docket No. 280], (g) Supplement to Debtor's Memorandum of Points and Authorities in Support of Plan Confirmation [Docket No. 282], (h) Declaration of Megan M. Adeyemo in Support of Plan Confirmation [Docket No. 283], (i) Supplemental Declaration of Steven W. Moll in Support of Plan Confirmation [Docket No. 284], (j) Plan Ballot Summary [Docket No. 277] , (k) Debtor's Submission of Acceptances and Rejections to Plan and Statement of Estimated Costs of Administration of Confirmed Plan [Docket No. 278], (l) Stipulated Amendment to Amended Plan of Reorganization Proposed by Debtor (the "Amendment"), (m) the record compiled in Debtor's Chapter 11 case (the "Case") and all pleadings filed with respect thereto, and (n) the facts and circumstances of this case, having heard argument of counsel, having determined, after hearing on proper and appropriate notice, that the requirements for confirmation of the Plan set forth in 11 U.S.C. § 1129 have been satisfied, being fully advised in the premises and based on the foregoing and the findings of fact and conclusions of law entered in connection herewith, and good cause appearing,

FINDS THAT:

1. The provisions of Chapter 11 of the Code have been complied with; that the Plan has been proposed in good faith and not by any means forbidden by law;

2. All payments made or promised by Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to fixed after confirmation of the Plan, will be subject to the approval of the Court;

3. Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as the directors or officers of Debtor or as successor to

Debtor under the Plan is consistent with the interests of creditors and other parties in interest, and with public policy;

4. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has (a) accepted the Plan or (b) will receive on account of such claim property of a value that is not less than what the holder would receive if Debtor was liquidated under Chapter 7;

5. With respect to each class of claims or interests (a) such class has accepted the Plan, (b) such class is not impaired under the Plan or (c) the Plan does not discriminate unfairly, and is fair and equitable with respect to such class of claims or interests, as provided in 11 U.S.C. §§ 1129(b)(1) and (2)(C);

6. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. § 1129.

IT IS THEREFORE ORDERED AS FOLLOWS:

A. Plan Confirmed

The Plan, as modified by the Amendment, is confirmed. Any objections to the Plan, whether formal or informal, written or oral, unless previously withdrawn or resolved, are overruled.

B. Authority to Implement Plan

Upon entry of this Order, all matters provided under the Plan shall be deemed to be authorized and approved without further approval of the Court. Debtor is authorized, without further application to or order of the Bankruptcy Court, to take whatever action is necessary to achieve consummation and carry out the Plan. Upon the Effective Date, all transactions and applicable matters provided for under the Plan will be deemed to be authorized and approved by Debtor without any requirement of further action by the Court or Debtor.

C. The Effective Date

The Effective Date of the Plan shall be the later of the first business day thirty days after this order becomes a final order or September 30, 2015.

D. Notice of Effective Date

As soon as practicable after the Effective Date, but not later than twenty days thereafter, Debtor shall file and serve on all creditors and parties in interest a written notice of the Effective Date.

E. Preservation of Rights of Action and Defenses

Except as otherwise set forth in the Plan, Debtor shall retain all rights to commence and pursue, as appropriate, in any court or other tribunal including, without limitation, in an adversary proceeding filed in the Case, any and all Causes of Action, whether such Causes of Action accrued before or after the Petition Date. The failure to list any unknown Causes of Action in the Plan or Disclosure Statement does not limit the rights of the Debtor to pursue any unknown Cause of Action.

Unless a Claim or Cause of Action against a Person is expressly waived, relinquished, released, compromised or settled in the Plan or any final order, Debtor expressly reserves such Claim or cause of action for later adjudication by the Debtor, including, without limitation, unknown causes of action, and therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Claims or causes of action upon or after the Confirmation Date or Effective Date based on the Disclosure Statement, the Plan or this Order, except where such Claims or Causes of Action have been released in the Plan or other Final Order.

F. Deadline for Objections to Claims

Debtor will file and serve all objection to Claims upon the Holder of the Claim as to which the objection is made no later than 180 days after the Effective Date, provided, however, that nothing herein will reduce the time permitted under applicable statutes of limitation for bringing any affirmative Causes of Action that the Debtor may assert against any third party. The Claim Objection Deadline may be extended only by an order of the Bankruptcy Court.

G. Deadline for Filing Administrative Claims

Entities holding Administrative Claims, including professionals, must file with the Court and serve on Debtor and counsel for Debtor, an application for allowance of such Administrative Claim on or before the 60th day following the Effective Date. Persons holding Administrative Claims who do not timely file and serve an application for allowance of their Administrative Claim will be forever barred from asserting those Administrative Claims against Debtor, the estate or the property of the Debtor, unless otherwise ordered by the Bankruptcy Court.

H. Assumption of Executory Contracts

The executory contracts assumed through the Plan are deemed to be assumed as of the date of this Order.

I. Rejection of Contracts and Leases and Rejection Damages Bar Date

Each executory contract or unexpired lease of Debtor that (i) is not assumed through the Plan, (ii) has not expired by its own terms before the Effective Date, and (iii) previously has not been assumed or rejected by Debtor, is rejected as of the Effective Date pursuant to § 365 of the Bankruptcy Code.

If the rejection of an executory contract or unexpired lease pursuant to the Plan and this Order gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against Debtor, the Estate or the Debtor unless a proof of Claim is filed and served on Debtor as the case may be, and its counsel within thirty (30) days after the entry of this Order.

J. Notice of Rejection Bar Date

As soon as practicable after the entry of this Order, but no later than fourteen (14) days thereafter, Debtor shall file and serve on each non-Debtor counterparty to a contract or lease the rejection of which is approved by this Order a written notice of the bar date for rejection Claims.

K. Discharge

Debtor is released from all dischargeable debts. The discharge (a) voids any judgment at any time obtained, to the extent that such judgment is a determination of the liability of Debtor with respect to any debt discharged under 11 U.S.C. § 1141, whether or not discharge of such

debt is waived; and (b) operates as an injunction against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset such debt as a liability of Debtor, or from property of Debtor, whether or not discharge of such debt has been waived,

L.   Injunction

The Plan is the sole means for resolving, paying or otherwise dealing with Claims. To that end, except as expressly provided in the Plan, at all times on and after the Effective Date, all Persons who have been, are or may be Holders of Claims against Debtor arising prior to the Effective Date will be permanently enjoined from taking any of the following actions on account of any such Claim against Debtor, the Estate or their respective property (other than actions brought to enforce any rights or obligations under the Plan):

    i.    commencing, conducting or continuing in any manner, directly or indirectly any suit, action or other proceeding of any kind against Debtor, the Estate, their successors, or their respective property or assets (including, without limitation, all suits, actions and proceedings that are pending as of the Effective Date which will be deemed to be withdrawn or dismissed with prejudice);

    ii.    enforcing, levying, attaching, executing, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree or order against Debtor, the Estate, their successors, or their respective property or assets; and

    iii.    creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien, security interest or encumbrance against Debtor, the Estate, their successors or their respective property or assets; and

    iv.    proceeding in any manner in any place whatsoever against Debtor, the Estate or their successors, or their respective property or assets that does not conform to or comply with the provisions of the Plan.

Nothing in the Plan or this Order shall enjoin or act to enjoin Debtor from pursuing any claim, right or Cause of Action preserved under the terms of the Plan as set forth herein.

M.   Remedy in Event of Default Under the Plan

If there is a material default at any time during the term of the Plan by the Debtor in the performance of any of the duties or obligations of the Debtor under the Plan, any Holder of a Claim that is damaged by such failure may pursue its remedies before this Court.

N.     Binding Effect of Confirmed Plan

The Plan and all rights, duties and obligations thereunder shall be binding on and inure to the benefit of Debtor and its respective successors and assigns.

O.     Transfer of Claims

Nothing in the Plan affects the rights of a Holder of a Claim to transfer that Claim before or after the Effective Date.

P.     Post-Confirmation Conversion or Dismissal

If the Court orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Estate, and that has not been disbursed pursuant to the Plan, will vest in the chapter 7 estate, and the automatic stay will be reimposed upon such vested property only to the extent that relief from stay was not previously granted by the Court during this Case.

Q.     Effect of Any Vacation or Revocation of the Confirmation Order

If this Order is vacated, the Plan shall be null and void in all respect and nothing contained in the Plan or the Disclosure Statement shall (i) constitute a waiver or release of any Claims against, or any interest, the Debtor or any claim by, or right of, the Debtor, Estate, or Reorganized Debtor; or (iii) constitute an admission, acknowledgment, offer or undertaking by Debtor, Estate or the Reorganized Debtor in any respect.

R.     Retention of Jurisdiction

After entry of this Order and the Effective Date, the Court will retain such jurisdiction as is legally permissible, including for the following purposes:

     i.     To resolve any and all disputes regarding the operation and interpretation of the Plan or this Order;

  ii. To determine the allowability, classification or priority of any Claim or interest, based on any object by Debtor or by other parties in interest with standing to bring such objection or proceeding;

  iii. To determine the extent, validity and priority of any lien asserted against property of the Debtor or property of the Estate;

  iv. To construe and take any action to (a) enforce and execute the Plan, this Order and any other order of this Court; (b) issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Order and all matters referred to in the Plan and this Order and (c) determine all matters that may be pending before the Court in this Case on or before the Effective Date with respect to any person;

  v. To determine any and all applications for allowance of compensation and reimbursement of expenses of holders of Administrative Claims, including professionals for periods on or before the Effective Date;

  vi. To resolve any dispute regarding the implementation, execution, performance, consummation or interpretation of the Plan or this Order;

  vii. To determine motions for the rejection, assumption or assignment of executor contracts or unexpired leases and the allowance of any Claims resulting therefrom;

  viii. To adjudicate all adversary proceedings and contested matters, if any, initiated by the Debtor to pursue retained causes of action;

  ix. To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters commenced during the Case whether before, on or after the Effective Date;

  x. To determine such other matters and for such other purposes as may be provided in this Order;

  xi. To modify the Plan under § 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intents and purposes;

  xii. To issue injunctions or take such other actions or issue such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order or their implementation by any person or entity;

  xiii. To issue such orders as may be appropriate in the event that this Order is, for any reason, stayed, revoked, modified, reversed or vacated; and

  xiv. To issue such orders in aid of consummation of the Plan and this Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any

ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR

**Gordon & Rees LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

person or entity, to the full extent authorized by the Bankruptcy Code or Bankruptcy Rules.

If this Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this section will not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

S.    United States Trustee Fee and Reports

All fees payable pursuant to 28 U.S.C. § 1930 prior to the Effective Date, to the extent they are not paid prior to the Effective Date, shall be paid by the Debtor on the Effective Date. Debtor shall pay fees that accrue under 28 U.S.C. § 1930 after the Effective Date until a final decree is entered in the Case or this Court otherwise orders. From and after the Effective Date, Debtor shall file all Quarterly Reports and serve the Quarterly Report on the U.S. Trustee.

T.    Successors and Assigns

The rights, benefits and obligations of any entity named or referred to in the Plan are binding on, and will inure to the benefit of, any permitted heirs, executors, administrators, successors or assigns of such entity.

U.    Post-Confirmation Effectiveness of Proofs of Claim

Proofs of Claim shall, upon the Effective Date, represent only the right to participate in the Distributions contemplated by the Plan and otherwise shall have no force or effect.

V.    Pre-Confirmation Injunctions or Stays

Unless otherwise provided in the Plan, all injunctions or stays arising under or entered during the Case pursuant to §§ 105 and 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Order, will remain in full force and effect until the Effective Date.

####

Date: August 19, 2015

Meredith A. Jury
United States Bankruptcy Judge

- 9 -
ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION PROPOSED BY DEBTOR